UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOLLY C. TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>JACOB Q. TOONE, HAWX SERVICES, LLC,<br>and SHAD HOLDINGS, LLC,<br><br>    Defendants. | Case No. 19-cv-936-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Shad Holdings, LLC's ("Shad") motion for summary judgment (Doc. 62). Plaintiff Molly C. Taylor has responded to the motion (Docs. 66-91), and Shad has replied to that response (Doc. 94). This case stems from an automobile accident between Taylor and defendant Jacob Q. Toone, who is alleged to have been working as an agent of defendants Hawx Services, LLC ("Hawx") and Shad at the time of the accident. Shad asserts that Taylor cannot show Toone was acting as its agent at the time of the accident.

**I.     Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Nevertheless, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or

conjecture." *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (internal quotations and citations omitted).

**II.     Facts**

All parties appear to agree as to the essential facts of this case, although they disagree about their legal implications. It is clear that Taylor and Toone were in an automobile accident on July 13, 2019, that severely injured Taylor and totaled her car. Toone was working as a salesperson for Hawx, a pest control service, at the time of the accident. Although Toone's work agreement with Hawx stated he was not an agent or employee of Hawx, Hawx controlled many of the details of Toone's performance of his work.

The role of Shad is less clear. Prior to the accident Hawx had obtained an automobile liability insurance policy listing Shad as the named insured, although at the time, Shad had not yet officially organized as a Utah limited liability company ("LLC"). When Hawx filed personal injury claims under the insurance policy based its own agents' conduct—up until Toone's accident—the insurer paid them without questioning the discrepancy between the name of the claimant and the named insured. As for Toone himself, he never knowingly communicated with Shad and did not even know what Shad was.

On November 11, 2019, almost four months after Toone's accident with Taylor, the Utah Department of Commerce's Division of Corporations and Commercial Code filed and approved Shad's certificate of organization. Hawx was the sole member of the new LLC.

Taylor first filed this negligence lawsuit against Toone and Hawx in August 2019. In that pleading, she sought to hold Hawx vicariously liable under a *respondeat superior* theory as the principal of Toone, who was alleged to have caused the accident during the course of his agency. Taylor amended her complaint to add Shad in April 2020, also seeking to hold Shad vicariously

liable as Toone's principal.

Shad asks the Court for summary judgment on Count III, the claim against it, on the grounds that no reasonable jury could find that Toone was an agent of Shad, which did not even exist until four months after the accident. Taylor points to Hawx's use of the name "Shad" prior to its existence as evidence that Shad actually controlled Toone and Hawx and was therefore Toone's principal. Alternatively, she asserts that Hawx and Shad are, in fact, the same entity that should be liable for Toone's negligence.

**III.   Analysis**

The first question the Court must answer is whether Toone was an agent of Shad. It is undisputed that a third party can hold a principal or employer vicariously liable under the doctrine of *respondeat superior* for the wrongful acts of its agents or employees. *Lawlor v. N. Am. Corp. of Ill.*, 983 N.E.2d 414, 427 (Ill. 2012); *Moy v. Cty. of Cook*, 640 N.E.2d 926, 927-28 (Ill. 1994).[1] Whether *respondeat superior* can apply depends on the existence of an agency relationship—that usually means whether the alleged principal had the right to control the worker's work—and whether the agent's conduct was within the scope of the agency. *Bogenberger v. Pi Kappa Alpha Corp.*, 104 N.E.3d 1110, 1119 (Ill. 2018).

"An agency is a consensual fiduciary relationship between *two legal entities* whereby the principal has the right to control the conduct of the agent, and the agent has the power to [a]ffect the legal relations of the principal." *Advantage Mktg. Grp., Inc. v. Keane*, 143 N.E.3d 139, 148 (Ill. App. Ct.), *app. denied,* 132 N.E.3d 326 (Ill. 2019) (emphasis added; internal quotations omitted); *see* Restatement (Third) of Agency § 1.01 (an agency is "the fiduciary relationship that

---

[1] The parties assume Illinois law applies to the agency issues in this case, so the Court proceeds under that assumption.

arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and be subject to the principal's control, and the agent manifests assent or otherwise consents so to act").

There could not have been an agency relationship between Shad and Toone at the time of the accident because Shad was not an LLC or any other kind of legal entity at that time; it was simply a name that Hawx used—rightly or wrongly—to conduct some of its business activities. LLCs are creatures of state law, specifically in Utah, of the Utah Revised Uniform Limited Liability Company Act, Utah Code Ann. § 48-3a-101 *et seq*. Under Utah law, an LLC is formed by delivering a certificate of organization to the Utah Department of Commerce's Division of Corporations and Commercial Code. Utah Code Ann. § 48-3a-201(1). The certificate of organization is effective and the LLC comes into existence, at the earliest, when the Division files the certificate. Utah Code Ann. §§ 48-3a-201(4), 48-3a-206. Here, that occurred on November 19, 2019. Before that date, Shad was not a separate legal entity from Hawx and could not therefore have been an agent or principal to anyone.

One might argue that Shad was a *de facto* LLC that could be liable for its conduct before its actual formation. Indeed, the *de facto* corporation has been recognized under Utah law where incorporators made a *bona fide* attempt to incorporate a corporation, but the efforts inadvertently did not completely comply with the legal requirements. *See Shelter Mortg. Corp. v. Castle Mortg. Co., L.C.*, 117 F. App'x 6, 13 n. 7 (10th Cir. 2004). At least one state has extended the principle to LLCs as well. *See Wells Fargo Advisors, LLC v. Bongiorno Family, LLC*, No. FSTCV126013831S, 2018 WL 1385252, at *4 (Conn. Super. Ct. Feb. 16, 2018). However, even if *de facto* LLCs were recognized in Utah, there is no evidence Shad's organizers made a good faith effort to organize it before the accident, yet inadvertently fell short of the state

4

requirements. It simply could not reasonably be viewed as a *de facto* LLC.

On the contrary, the evidence shows that before November 19, 2019, Hawx was essentially doing some of its business—such as purchasing insurance—under the name of Shad. At most, this would qualify as "doing business as Shad." But a "d/b/a" identity is not a separate entity from the real party in interest that uses the fictitious name. A Nebraska district court nicely described the significance—or insignificance, as the case may be—of a "d/b/a" designation:

> The designation "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.

*Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1387 (D. Neb. 1977), *aff'd*, 578 F.2d 721 (8th Cir. 1978); *accord Pekin Ins. Co. v. Estate of Goben*, 707 N.E.2d 1259, 1264 (Ill. App. Ct. 1999). So also with an LLC which uses more than one name. So although Hawx was doing business using the name Shad, Hawx was the actor and the only legal entity that could have been Toone's principal or that could be vicariously liable for Toone's wrongful conduct.

For the foregoing reasons, no reasonable jury could find that Shad was Toone's principal or employer at the time of the accident. That does not mean, however, that Shad is totally out of the woods yet. Although it is entitled to summary judgment on the vicarious liability claim pled in Taylor's second amended complaint, her summary judgment briefing suggests another theory under which Shad could be liable in this case—as an alter ego of Hawx once it was formed in November 2019. If Shad were a mere instrumentality of Hawx and was used for the wrongful purpose of placing Hawx's assets out of reach of Taylor for any liability Hawx may have, Taylor may be able to pierce the corporate veil—or more appropriately, pierce the LLC veil—to seek to

collect from Shad a judgment against Hawx.  But she has not pled this in her Second Amended Complaint.  If she comes to believe such a theory of liability might have merit, she may seek leave to amend her pleading again.

### IV. Conclusion

For these reasons, the Court **GRANTS** Shad's motion for summary judgment on Count III, a claim for vicarious liability for Toone's negligence (Doc. 62), and **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.  Shad is terminated as a party to this case.

**IT IS SO ORDERED.**
**DATED:  January 28, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
